

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_____
```

**MEMORANDUM ENDORSED**

**THE CITY OF NEW YORK**

**GEORGIA M. PESTANA**
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**NICOLETTE PELLEGRINO**
*Assistant Corporation Counsel*
Phone: (212) 356-2338
Fax: (212) 356-3509
npellegr@law.nyc.gov

February 2, 2022

VIA E.C.F.
Honorable Gregory H. Woods
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

      RE:    Jesus Soto v. City of New York, et al.,
                   21-CV-5485 (GHW) (SDA)

Your Honor:

        I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney representing defendants the City of New York ("City"), former New York City Police Department ("NYPD") Commissioner Shea, "Under Cover # 376," former Detective Joseph Franco, Detective Sean Haggerty, and Detective Sean Brown (collectively, "Defendants") in the above-referenced matter. For the reasons set forth below, the Defendants respectfully request that the proposed case management plan due by February 17, 2022, the February 24, 2022 Initial Conference, and all other deadlines not set forth in the § 1983 Plan, be suspended *sine die* until a date following the conclusion of the mediation as set forth in Local Civil Rule 83.10(8). Plaintiff consents to this request. This is the Defendants' first request for an adjournment of the Initial Conference and associated deadlines.

        By way of relevant background, on June 22, 2021, Plaintiff initiated the instant action against the City, Commissioner Shea, "Under Cover # 376," former Detective Joseph Franco, Detective Sean Haggerty, and Detective Sean Brown. (See Dkt. No. 1.)[1] On June 24,

---
[1] On June 29, 2021, summonses were issued for all defendants. (See Dkt. Nos. 10-15.) On July 1, 2021, the City was served, and on July 6, 2021, Commissioner Shea was served. (See Dkt. Nos. 16-17.) On November 8, 2021, Plaintiff filed affidavits of service on the electronic docket, noting that Detectives Haggerty and Brown were served on July 13, 2021. (See Dkt. Nos. 19-20.) On November 9, 2022, Plaintiff filed an affidavit of service on the electronic docket, noting that the Under Cover #376 was served on July 13, 2021. (See Dkt. No. 22.) On January 9, 2022, Plaintiff filed an affidavit of service on the electronic docket, noting that Franco was served on December 21, 2021. (See Dkt. No. 24.)

2021, the Court scheduled a telephonic Initial Conference for February 24, 2022, and directed the parties to submit a Joint letter and proposed case management plan by February 17, 2022. (See Dkt. No. 2.) On July 7, 2021, this action was designated to participate in the Section 1983 Plan pursuant to Local Civil Rule 83.10. (See July 7, 2021 Dkt. Entry.)

On November 8, 2021, the undersigned became aware of this matter for the first time and immediately contacted Plaintiff's counsel and filed a Notice of Appearance on the electronic docket. (See Dkt. No. 18.) On November 9, 2022, defendants City and Shea wrote to the Court, requesting (a) a sixty day extension of time for the Defendants to respond to the Complaint *nunc pro tunc* to January 8, 2022, and (b) that the Court *sua sponte* extend the time for the individual defendants who were been properly served to respond to the Complaint *nunc pro tunc* to January 8, 2022. (See Dkt. No. 21.) The Court granted the request. (See Dkt. No. 23.)

Since January 8, 2022 was a Saturday, on Monday, January 10, 2022, defendants City, Shea, Brown, Haggerty, and Under Cover #376 answered the Complaint. (See Dkt. No. 26.) On January 11, 2022, defendant Franco answered the Complaint. (See Dkt. No. 28.)

On January 21, 2022, a mediator was assigned in accordance with § 1983 Plan. (See Jan. 21, 2022 Dkt. Entry.) That same day, the Mediation Office informed the parties via e-mail that "[i]n this case, the date, time and format of the first mediation session should be finalized by 3/21/2022, held by 4/20/2022."

As the Court is aware, the § 1983 Plan provides specific efficiencies and encourages early resolution of cases that allege the type of claims at issue in this case against the City and NYPD officers. Notably, the § 1983 Plan anticipates the common categories of releases and limited discovery that are most relevant to the sorts of claims raised in this case and provides an expedited schedule for the automatic production of this material. Additionally, the § 1983 Plan encourages early settlement discussions following the exchange of limited discovery by providing a schedule for the exchange of an initial settlement demand and offer, followed by a requirement that the parties attend a mediation before formal – and costly – discovery commences. In straightforward civil rights actions such as this one, the § 1983 Plan mediation often results directly in settlement or facilitates a successful settlement shortly thereafter.

Here, the Plaintiff's initial demand is due to the Defendants by February 21, 2022, and the Defendants' response to the Plaintiff's demand is due to Plaintiff by March 7, 2022. Once the parties begin settlement discussions, they will be better prepared to engage in meaningful mediation and to complete mediation by April 20, 2022, pursuant to the § 1983 Plan.

Accordingly, to save the Court and the parties time and resources, and in accordance with the § 1983 Plan, the Defendants respectfully request an adjournment *sine die* of the February 17, 2022 deadline to submit a proposed case management plan, the February 24, 2022 Initial Conference, and all other deadlines not set forth in the § 1983 Plan, until a date following the conclusion of the § 1983 Plan mediation.

The Defendants thank the Court for its consideration.

Respectfully submitted,

/s/ *Nicolette Pellegrino*
Nicolette Pellegrino
*Assistant Corporation Counsel*
Special Federal Litigation Division

CC: VIA E.C.F.
Fred Lichtmacher, Esq.
*Attorney for Plaintiff*

Defendants' request is granted. The initial pre-trial conference currently scheduled for February 24, 2022, as well as the deadline for the submission of the parties' joint status update and proposed case management plan and scheduling order, are adjourned pending completion of the parties' mediation. If the case has not been resolved by June 1, 2022, the parties are directed to submit a joint status update on that date.

The Clerk of Court is instructed to terminate the motion at Dkt. No. 29.

SO ORDERED.

Dated: February 2, 2022
New York, New York

GREGORY H. WOODS
United States District Judge